PREET BHARARA
United States Attorney for the
Southern District of New York
By: ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
IN RE:                                                     :
                                                           :       DECLARATION OF
                                                           :       ANDREW E. KRAUSE
LETTER ROGATORY FOR                                        :
INTERNATIONAL JUDICIAL                                     :
ASSISTANCE FROM THE SUPERIOR                               :       14 Misc.
COURT OF JUSTICE OF MEXICO                                 :
CITY, FEDERAL DISTRICT FAMILY                              :
COURT; MATTER OF FRANCIS HENRY                             :
MARIE DE SMEDT v. BARBARA                                  :
PHILIPPA CLARE DAY.                                        :
--------------------------------------------------------x

I, Andrew E. Krause, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government").   I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letter rogatory has been transmitted for execution.   I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as

---
[1] Section 1782(a) provides, in pertinent part, as follows:

> The district court of the district in which a person resides or
> is found may order him to give his testimony or statement or to
> produce a document or other thing for use in  a proceeding in a

Commissioner for the purpose of obtaining information from the legal representative of David

Zwirner Gallery (the "Gallery").

2.    In connection with a proceeding captioned "Francis Henry Marie de

Smedt v. Barbara Philippa Clare Day," pending in the Superior Court of Justice of Mexico City,

Federal District Family Court (the "Mexican Court"), the Mexican Court issued a letter rogatory

seeking information from the Gallery.  A true and correct copy of the letter rogatory is attached

hereto as Exhibit A.

3.    An undated draft of a subpoena addressed to the David Zwirner Gallery,

Attention:  Managing Director, 525 West 19th Street, New York, New York 10011, which the

Government intends to serve upon my appointment as Commissioner, is attached hereto as

Exhibit B.

4.    To assist the Mexican Court in obtaining the requested information, I

respectfully request that this Court appoint me as Commissioner as proposed in the Ex Parte

Order attached hereto as Exhibit C.  No previous application for the relief sought herein has been

---

foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated:   New York, New York
         August   29  , 2014


ANDREW E. KRAUSE
Assistant United States Attorney

Exhibit A

SUPERIOR COURT OF JUSTICE
OF MEXICO CITY, FEDERAL DISTRICT
*"Judiciary City and Consolidation of Oral Proceedings. For Order and Social Peace"*

### *LETTER ROGATORY*

**I, MR. ERNESTO VILLARREAL TÉLLEZ, CONCILIATOR OF THE FIRST FAMILY COURT IN AND FOR MEXICO CITY, FEDERAL DISTRICT, TO THE COMPETENT AUTHORITY IN THE UNITED STATES OF AMERICA, TO WHOM I HAVE THE HONOR TO ADDRESS BY MEANS OF THIS LETTER ROGATORY:**

### H E R E B Y   D E C L A R E

**THAT IN THE COURT RECORDS OF THE ORDINARY CIVIL CASE, DIVORCE (INCIDENT TO PROVISIONAL INCREASE OF ALIMONY, DECREE OF ALIMONY AND PAYMENT OF ALIMONY DUE SINCE JUNE 2011) FILED BY MARIE DE SMEDT FRANCIS HENRY AGAINST BÁRBARA PHILIPPA CLARE DAY, CASE FILE NUMBER 1391/2009, IT WAS ORDERED TO DIRECT THIS LETTER IN ORDER THAT OFFICIAL NOTICE BE SENT TO THE LEGAL REPRESENTATIVE OF THE ART GALLERY "DAVID ZWIRNER GALLERY" LOCATED ON 525 WEST 19TH STREET, 533 WEST 19TH STREET, NEW YORK, UNITED STATES OF AMERICA.**

[inked stamp bearing the Mexican National Coat of Arms that reads: Superior Court of Justice of the Federal District, First Family Court]

**THE ABOVE BASED UPON THE FOLLOWING DOCUMENTS:**

### REQUESTING JUDICIAL AUTHORITY

**HON. FIRST FAMILY COURT JUDGE OF THE SUPERIOR COURT OF JUSTICE IN AND FOR MEXICO CITY, FEDERAL DISTRICT, LOCATED ON AVENIDA JUAREZ NUMERO 8, TERCER PISO, COLONIA CENTRO, DELEGACION CUAUHTÉMOC, CÓDIGO POSTAL 06010, CIUDAD DE MEXICO, DISTRITO FEDERAL.**

### RECEIVING AUTHORITY

**U.S. DEPARTMENT OF JUSTICE CIVIL DIVISION, OFFICE OF INTERNATIONAL JUDICIAL ASSISTANCE, LOCATED ON 11006 L. STREET N.W. ROOM 11006, WASHINGTON D.C. 20530, UNITED STATES OF AMERICA**

### IDENTITY OF THE PARTIES

**MS. BÁRBARA PHILIPPA CLARE DAY** IN HER CAPACITY AS PLAINTIFF IN THE PRESENT INCIDENT, WHOSE LEGAL ADDRESS IS LOCATED ON CALLE SUDERMAN 131, COLONIA POLANCO, DELEGACIÓN MIGUEL HIDALGO, CP 11570, IN MEXICO CITY, FEDERAL DISTRICT.

**Mr. FRANCIS HENRY MARIE DE SMEDT** IN HIS CAPACITY AS RESPONDENT IN THE PRESENT INCIDENT, WHOSE ADDRESS IS LOCATED ON AVENIDA PASEOS DE LAS PALMAS NÚMERO 731, DESPACHOS 701 Y 702, COLONIA LOMAS DE CHAPULTEPEC, DELEGACIÓN MIGUEL HIDALGO, CP 11000, IN MEXICO CITY, FEDERAL DISTRICT.

LIC. OLIVIA CARDENAS L.
PERITO TRADUCTOR AUTORIZADO
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

<u>Translation from Spanish</u>

### <u>NATURE, PURPOSE AND GENERAL EXPLANATORY PREAMBLE TO THE INCIDENT</u>

**PROCEEDING: ORDINARY CIVIL, DIVORCE**

IT IS REQUESTED ON THE PART OF MS. BÁRBARA PHILIPPA CLARE DAY TO SERVE NOTICE TO THE LEGAL REPRESENTATIVE OF THE ART GALLERY "DAVID ZWIRNER GALLERY" LOCATED ON 525 WEST 19TH STREET, 533 WEST 19TH STREET, NEW YORK, UNITED STATES OF AMERICA TO PROVIDE INFORMATION IF IN THE PERIOD FROM 2007 TO 2011 THEY HAVE EXHIBITED THE WORKS OF THE ARTIST FRANCIS ALYS, AND, IF THIS IS THE CASE, WHICH WORKS, WHAT WAS THE VALUE APPRAISED FOR EACH OF THE WORKS EXHIBITED, SPECIFYING THE DATE OF SALE AND THE PRICE PAID FOR THE SAME AND THE AMOUNT OF THE QUANTITIES OR EARNINGS THAT HAVE BEEN DELIVERED TO MISTER FRANCIS ALYS and/or FRANCIS HENRY MARIE DE SMEDT OR IF THERE ARE WORKS TO BE PAID and/or PENDING PAYMENT TO THE ARTIST FOR THE SALE OF HIS WORK.

### <u>ACTS TO BE CARRIED OUT</u>

The court ruling dated February thirteenth of two-thousand twelve, in which it was ordered to respectfully forward a LETTER ROGATORY TO THE COMPETENT AUTHORITY IN THE UNITED STATES OF AMERICA, SO THAT IT WOULD SERVE NOTICE TO THE LEGAL REPRESENTATIVE OF THE ART GALLERY "DAVID ZWIRNER GALLERY" LOCATED ON 525 WEST 19TH STREET, 533 WEST 19TH STREET, NEW YORK, UNITED STATES OF AMERICA TO PROVIDE INFORMATION IF IN THE PERIOD FROM 2007 TO 2011 THEY HAVE EXHIBITED THE WORKS OF THE ARTIST FRANCIS ALYS, AND, IF THIS IS THE CASE, WHICH WORKS, WHAT WAS THE VALUE APPRAISED FOR EACH OF THE WORKS EXHIBITED, SPECIFYING THE DATE OF SALE AND THE PRICE PAID FOR THE SAME AND THE AMOUNT OF THE QUANTITIES OR EARNINGS THAT HAVE BEEN DELIVERED TO MISTER FRANCIS ALYS and/or FRANCIS HENRY MARIE DE SMEDT OR IF THERE ARE WORKS TO BE PAID and/or PENDING PAYMENT TO THE ARTIST FOR THE SALE OF HIS WORK.

<u>ADDRESS TO SERVE NOTICE TO THE LEGAL REPRESENTATIVE OF THE ART GALLERY "DAVID ZWIRNER GALLERY": 525 WEST 19TH STREET, 533 WEST 19TH STREET, NEW YORK, UNITED STATES OF AMERICA</u>

COURT RULING TO BE SERVED TO THE LEGAL REPRESENTATIVE OF THE ART GALLERY "DAVID ZWIRNER GALLERY"

In Mexico City, Federal District, being thirteen hundred hours of the twenty-fourth of January of two-thousand thirteen, day and time indicated in order for the continuation of the incidental hearing in the proceedings for the DIVORCE filed by MARIE DE SMEDT FRANCIS HENRY AGAINST BARBARA PHILIPPA CLARE DAY (INCIDENT TO PROVISIONAL INCREASE OF ALIMONY, DECREE OF ALIMONY AND PAYMENT OF ALIMONY DUE SINCE JUNE 2011) should take place before the Honorable First Family Court Judge of the Federal District, MASTER OF LAW TEÓFILO ABDO KURI before Court Clerk "A" Ms. LETICIA MUJICA CASTILLO, appearing the Legal Representative of the incidental plaintiff GABRIELA URIEGAS RUIZ who identifies herself with professional license number 3338424 issued on her behalf by the General Division of Professions of the Ministry of Public Education,

LIC. OLIVIA CARDENAS L.
PERITO TRADUCTOR AUTORIZADO
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

and noting that the respondent nor any other person in representation of the respondent appears. **THE HON. JUDGE DECLARES THE HEARING TO BE OPEN.** Taking into consideration that the official documents issued by the Ministry of Foreign Affairs appearing on pages 78 to 121 and the brief submitted by the incidental respondent on the past twenty-first of January (pages 126 and 127) were incorporated into VOLUME III of the divorce case file, its detailing is hereby ordered in order to be incorporated into the Incident to which it corresponds, ordering that the case file of the records for which the detailing be corrected, as well as the seal of the same-THE CLERK HAS RECEIVED three instruments submitted on the twenty-second of January by the Legal Representative of the incidental plaintiff which are resolved as follows: 1. For the record, the brief by the plaintiff who submits to the hearing ordered in the ruling of the fifteenth of this year, attending to the declarations made and the records of the proceedings, inform the incidental respondent that the suppression of the documentary evidence related in the briefs presented the twenty-first day of the current year is denied, provided that it be observed that said proceedings have not issued a decree whereby the admission of the documentary evidence be decreed against him, for the reasons mentioned, in consequence it is hereby ruled in favor of the request made by the petitioner, ordering the reissue of the respectful letter rogatory to the Competent Judge of the United States of America through the proper diplomatic channels, making the clarifications requested within the brief provided, letter rogatory that shall become available once the notification herein provided takes effect so that it may be duly served, granting the term of TEN DAYS in order to accredit its service, warned that in the event said term is not met, that the evidence shall not be admitted for lack of legal interest. ---- 2.- For the record, the brief by the plaintiff who submits to the hearing ordered in the ruling of the fifteenth of this year, attending to the declarations made and the records of the proceedings, inform the incidental respondent that the suppression of the documentary evidence related in the briefs presented the twenty-first day of the current year is denied, provided that it be observed that said proceedings have not issued a decree whereby the admission of the documentary evidence be decreed against him, for the reasons mentioned, in consequence it is hereby ruled in favor of the request made by the petitioner, ordering the reissue of the respectful letter rogatory to the Competent Judge of ZURICH, SWITZERLAND through the proper diplomatic channels, making the clarifications requested within the brief provided, letter rogatory that shall become available once the notification herein provided takes effect so that it may be duly served, granting the term of TEN DAYS in order to accredit its service, warned that in the event said term is not met, that the evidence shall not be admitted for lack of legal interest.   - 3- For the record, the brief by the plaintiff who submits to the hearing ordered in the ruling of the fifteenth of this year, attending to the declarations made and the records of the proceedings, inform the incidental respondent that the suppression of the documentary evidence related in the briefs presented the twenty-first day of the current year is denied, provided that it be observed that said proceedings have not issued a decree whereby the admission of the documentary evidence be decreed against him, for the reasons mentioned, in consequence it is hereby ruled in favor of the request made by the petitioner, ordering the reissue of the respectful letter rogatory to the Competent Judge of London, England through the proper diplomatic channels, making the clarifications requested within the brief provided, letter rogatory that shall become available once the notification herein provided takes effect so that it may be duly served, granting the term of TEN DAYS in order to accredit its service, warned that in the event said term is not met, that the evidence shall not be admitted for lack of legal interest. --- 4-

LIC. OLIVIA CARDENAS L.
3
PERITO TRADUCTOR AUTORIZADO
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

GIVEN the state of the proceedings, to the brief presented by the representative of the incidental respondent it is hereby resolved as follows:  Tell the plaintiff that she must be informed of the preceding proceedings.-Taking into consideration that evidence remains to be filed, this hearing is deferred and for its continuation TWELVE O' CLOCK OF THE FIRST DAY OF APRIL OF THE YEAR TWO-THOUSAND THIRTEEN is indicated—this date being set in consideration of the work load of this Court, the above supported by analogy by the legal opinion sustained by the Supreme Court of Justice of the Nation, under the heading: HEARINGS, DELAYED COURT DATE OF ... appearing on page 2638, 5th Series, Record No. 327991, Instance: Second Chamber, Volume LXIX of the Federal Judiciary Weekly that states: Complaint is unfounded in the event that the District Judge has indicated the date for a constitutional hearing thirty days after the admission of the complaint, because while it is true that pursuant to article 147 of the Amparo Law, this must be set within the stated term, it is also true that said precept must be understood in working terms, in keeping with the difficulties that in practice may present themselves, insofar as given the many transactions processed in the Federal Courts, it is not humanly possible to observe the law in all its details, therefore if the court date is made outside the aforementioned term, it may not be said that it violates the law, nor does it justify that that delayed assignation be considered fraud or partiality on the part of the judge..." opinion that this Judge makes his own, for all legal intents and purposes. With which this proceeding was adjourned being thirteen hundred hours and forty five minutes of the date in which it is formalized and signed by those who participated in addition to the Hon. Judge and Court Clerk "A" who witnesses, authorizes and attests. I do hereby certify.

---------SIGNATURES---------

MEXICO CITY, FEDERAL DISTRICT, FEBRUARY THIRTEENTH OF THE YEAR TWO-THOUSAND TWELVE. With the brief in question form the corresponding case file.  The appearance of BARBARA PHILIPPA CLARE DAY on her own behalf is recognized by this court in order to file for a PROVISIONAL INCREASE OF ALIMONY, DECREE OF ALIMONY AND PAYMENT OF ALIMONY DUE SINCE JUNE 2011 for proceedings based on articles 88 and 94 of the Civil Procedure Code. With uncertified copies exhibited and through PERSONAL NOTIFICATION serve a copy to MR FRANCISC HENRY MARIE DE SMEDT in order that in the term of THREE DAYS he may submit his response. The evidence submitted is admitted. So that the Incidental Hearing may take place at TEN O' CLOCK A.M. ON THE SEVENTEETH OF APRIL OF THIS YEAR date indicated in consideration of the work load of this Court, the above supported by analogy by the legal opinion sustained by the Supreme Court of Justice of the Nation, under the heading: HEARINGS, DELAYED COURT DATE OF ... appearing on page 2638, 5th Series, Record No. 327991, Instance: Second Chamber, Volume LXIX of the Federal Judiciary Weekly that states: Complaint is unfounded in the event that the District Judge has indicated the date for a constitutional hearing thirty days after the admission of the complaint, because while it is true that pursuant to article 147 of the Amparo Law, this must be set within the stated term, it is also true that said precept must be understood in working terms, in keeping with the difficulties that in practice may present themselves, insofar as given the many transactions processed in the Federal Courts, it is not humanly possible to observe the law in all its details, therefore if the court date is made outside the aforementioned term, it may not be said that it violates the law, nor does it justify that that delayed assignation be considered fraud or partiality on the part of the judge..." opinion that this Judge makes his own, for all legal intents and purposes. . In preparation for the enquiry, SUMMON Mr. FRANCISC HENRY MARIE DE SMEDT BY JUDICIAL BULLETIN so that he may appear before this court on the day and time indicated to

LIC. OLIVIA CARDENAS L.
PERITO TRADUCTOR AUTORIZADO
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

Translation from Spanish

respond to the allegations that may be directed to him, advising him that should he not appear without just cause, such absence shall be considered an admission of those allegations provided these are demonstrated and deemed legal under the terms set forth in articles 309 and 322 of the Civil Procedure Code. In preparation of the documentary evidence marked with numbers 11 and 111 kindly forward official notification to THE DIRECTOR OF THE PUBLIC PROPERTY AND COMMERCE REGISTRY OF THE FEDERAL DISTRICT and the CHAIRMAN OF THE NATIONAL BANKING AND SECURITIES COMMISSION, in order that they may notify this court within the term of FIVE DAYS that requested by the petitioner, advising them that should they fail to do so, as a first measure of judgment a sanction shall be imposed for the equivalent of THREE THOUSAND FIVE HUNDRED PESOS, as set forth in articles 61, 62 and 73 of the Code of Civil Procedures. Furthermore and in preparation of the documentary evidence requested under item L) with the annexes and attachments necessary, respectfully forward the LETTER ROGATORY to HON CONSULS OF MEXICO IN NEW YORK, UNITED STATES OF AMERICA, LONDON, ENGLAND, AND ZURICH, SWITZERLAND so that in assistance of the work of this court they respectfully forward the official documents to the locations requested by the petitioner in order that they provide the information requested by the same. Let it be known–That so ruled and signs the Hon. First Family Court Judge in the presence of the Court Clerk who witnesses, authorizes and attests————SIGNATURES————

AND SO THAT MY ORDER IS CARRIED OUT DULY AND EXACTLY IN THE NAME OF NATIONAL SOVEREIGNTY AND MY OWN, I RESPECTFULLY REQUEST THAT AS SOON AS THIS LETTER ROGATORY IS RECEIVED, AND FINDING IT IN COMPLIANCE WITH THE LAW, THAT YOU SHALL SEE THAT IT IS FORWARDED IN ALL ITS TERMS, ASSURED OF RECIPROCITY ON MY PART FOR ASSISTANCE IN ANALOGOUS CASES. ISSUED IN MEXICO CITY, FEDERAL DISTRICT, ON THE FIFTH DAY OF THE MONTH OF JANUARY OF THE YEAR TWO THOUSAND AND THIRTEEN.- I HEREBY ATTEST AND CERTIFY.

**THE HON. CONCILIATOR OF THE**
**FIRST FAMILY COURT**
**MEXICO CITY, FEDERAL DISTRICT**
**(PURSUANT TO GENERAL RESOLUTION 38-41/2012)**

[Illegible signature]
**MR. ERNESTO VILLARREAL TÉLLEZ**

**COURT CLERK "A"**
[illegible signature]
**MS. LETICIA MUJICA CASTILLO**

[partially legible seal stamped on the right margin that bears the Mexican National Coat of Arms and reads: FIRST FAMILY COURT]

TAK/R3

LIC. OLIVIA CÁRDENAS L
PERITO TRADUCTOR AUTORIZAD
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

I, OLIVIA CÁRDENAS LOERA (WITH ADDRESS AT TAJÍN # 700 COL. VÉRTIZ NARVARTE, 03600 MÉXICO, D.F., TEL/FAX (5255) 5604-1361, OFFICIAL EXPERT TRANSLATOR DULY AUTHORIZED BY THE SUPREME COURT OF JUSTICE OF MEXICO CITY, FEDERAL DISTRICT, THROUGH ITS *BOLETÍN JUDICIAL (COURT JOURNAL) NUMBER 130* PUBLISHED ON JULY 13, 2011, ITEM 21 OF THE SPANISH-ENGLISH OFFICIAL EXPERT TRANSLATORS LIST, DO HEREBY CERTIFY THAT, TO THE BEST OF MY KNOWLEDGE, ABILITY AND UNDERSTANDING, THE ATTACHED TRANSLATION IS A TRUE, CORRECT AND COMPLETE TRANSLATION INTO ENGLISH CONSISTING OF __5__ PAGES OF THE ORIGINAL DOCUMENTS IN SPANISH ALSO ATTACHED HERETO.

CERTIFIED ON *February 12th, 2013* .

LIC. OLIVIA CARDENAS L.
PERITO TRADUCTOR AUTORIZADO
POR EL H. TRIBUNAL SUPERIOR
DE JUSTICIA DEL D.F.

**TRIBUNAL SUPERIOR DE JUSTICIA DF**

*"Ciudad Judicial y Consolidación de los Juicios Orales. Decidiendo por el Orden y la Paz Social."*

## --- C A R T A   R O G A T O R I A .---

EL LICENCIADO ERNESTO VILLARREAL TÉLLEZ, C. SECRETARIO CONCILIADOR DEL JUZGADO PRIMERO DE LO FAMILIAR DEL DISTRITO FEDERAL, A USTED AUTORIDAD COMPETENTE EN ESTADOS UNIDOS DE NORTEAMÉRICA A QUIEN TENGO EL HONOR DE DIRIGIRME MEDIANTE ESTA ROGATORIA.--------------------
-------------------- H A G O   S A B E R .-------- ----------
QUE EN LOS AUTOS DEL JUICIO ORDINARIO CIVIL, DIVORCIO (INCIDENTE DE AUMENTO DE PENSIÓN ALIMENTICIA PROVISIONAL, DECRETO DE PENSIÓN Y PAGO DE PENSIONES NO PAGADAS DESDE JUNIO DE 2011) PROMOVIDO POR MARIE DE SMEDT FRANCIS HENRY EN CONTRA DE BÁRBARA PHILIPPA CLARE DAY, EXPEDIENTE NÚMERO 1391/2009, SE ORDENÓ DIRIGIR ÉSTA PARA LOS EFECTOS DE QUE GIRE OFICIO AL REPRESENTANTE LEGAL DE LA GALERÍA DE ARTE "DAVID ZWIRNER GALLERY" CON DOMICILIO EN 525 WEST 19th STREET, 533 WEST 19 th STREET, NEW YORK UNITED STATES OF AMERICA (ESTADOS UNIDOS DE NORTEAMÉRICA).

LO ANTERIOR EN BASE A LAS SIGUIENTES CONSTANCIAS: --

### AUTORIDAD REQUIRENTE

C. JUEZ PRIMERO DE LO FAMILIAR DEL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL, CON DOMICILIO EN AVENIDA JUÁREZ NUMERO OCHO, TERCER PISO COLONIA CENTRO, DELEGACIÓN CUAUHTÉMOC, CÓDIGO POSTAL 06010 EN LA CIUDAD DE MÉXICO DISTRITO FEDERAL.

### AUTORIDAD REQUERIDA

U.S. DEPARTAMENT OF JUSTICE CIVIL DIVISION, OFFICE OF INTERNATIONAL JUDICIAL ASSISTANCE CON DOMICILIO EN 11006 L. STREET N.W. ROOM 11006, WASHINGTON D.C. 20530, UNITED STATES OF AMERICA.

### IDENTIDAD DE LAS PARTES:

LA C. BÁRBARA PHILIPPA CLARE DAY EN SU CARÁCTER DE ACTORA EN EL PRESENTE INCIDENTE, QUIEN TIENE SU DOMICILIO LEGAL EN CALLE SUDERMAN 131, COLONIA POLANCO, DELEGACIÓN MIGUEL HIDALGO, CP 11570, EN MÉXICO DISTRITO FEDERAL.

EL C. FRANCIS HENRY MARIE DE SMEDT EN SU CARÁCTER DE DEMANDADO EN EL PRESENTE INCIDENTE, CON DOMICILIO EN AVENIDA PASEOS DE LAS PALMAS NÚMERO 731, DESPACHOS 701 Y 702, COLONIA LOMAS DE CHAPULTEPEC, DELEGACIÓN MIGUEL

HIDALGO, CP 11000, EN ESTA CIUDAD DE MÉXICO, DISTRITO FEDERAL.

## NATURALEZA, OBJETO Y EXPOSICIÓN GLOBAL DE MOTIVOS DE LA INSTANCIA

JUICIO: ORDINARIO CIVIL, DIVORCIO.

SE SOLICITA POR PARTE DE LA C. BÁRBARA PHILIPPA CLARE DAY REQUERIR AL C. REPRESENTANTE LEGAL DE LA GALERÍA DE ARTE "DAVID ZWIRNER GALLERY" CON DOMICILIO EN 525 WEST 19th STREET, 533 WEST 19 th STREET, NEW YORK, UNITED STATES OF AMÉRICA (ESTADOS UNIDOS DE NORTEAMÉRICA) A EFECTO DE QUE INFORME SI EN EL PERIODO DE 2007 A 2011 HAN EXHIBIDO OBRAS DEL ARTISTA FRANCIS ALYS, EN SU CASO QUE OBRAS, CUAL FUE EL VALOR OTORGADO A CADA UNA DE LAS OBRAS EXHIBIDAS, SI SE VENDIÓ ALGUNA DE LAS OBRAS EXHIBIDAS, ESPECIFICANDO LA FECHA DE LA VENTA Y EL PRECIO PAGADO POR LA MISMA Y EL IMPORTE DE LAS CANTIDADES O INGRESOS QUE SE HAYAN ENTREGADO AL SEÑOR FRANCIS ALYS y/o FRANCIS HENRY MARIE DE SMEDT O BIEN SI EXISTEN OBRAS POR PAGAR y/o ADEUDOS PENDIENTES A FAVOR DEL ARTISTA POR VENTA DE OBRA.

## ACTOS DE INSTRUCCIÓN A REALIZAR

El auto de fecha trece de febrero del dos mil doce, en el cual se ordena girar atenta CARTA ROGATORIA a la AUTORIDAD COMPETENTE EN ESTADOS UNIDOS DE NORTEAMÉRICA, PARA QUE SE SIRVA REQUERIR AL C. REPRESENTANTE LEGAL DE LA GALERÍA DE ARTE "DAVID ZWIRNER GALLERY" CON DOMICILIO EN 525 WEST 19th STREET, 533 WEST 19 th STREET, NEW YORK, UNITED STATES OF AMÉRICA (ESTADOS UNIDOS DE NORTEAMÉRICA) A EFECTO DE QUE INFORME SI EN EL PERIODO DE 2007 A 2011 HAN EXHIBIDO OBRAS DEL ARTISTA FRANCIS ALYS, EN SU CASO QUE OBRAS, CUAL FUE EL VALOR OTORGADO A CADA UNA DE LAS OBRAS EXHIBIDAS, SI SE VENDIÓ ALGUNA DE LAS OBRAS EXHIBIDAS, ESPECIFICANDO LA FECHA DE LA VENTA Y EL PRECIO PAGADO POR LA MISMA Y EL IMPORTE DE LAS CANTIDADES O INGRESOS QUE SE HAYAN ENTREGADO AL SEÑOR FRANCIS ALYS y/o FRANCIS HENRY MARIE DE SMEDT O BIEN SI EXISTEN OBRAS POR PAGAR y/o ADEUDOS PENDIENTES A FAVOR DEL ARTISTA POR VENTA DE OBRA.

DOMICILIO PARA REQUERIR AL C. REPRESENTANTE LEGAL DE LA GALERÍA DE ARTE "DAVID ZWIRNER GALLERY": 525 WEST 19th STREET, 533 WEST 19 th STREET, NEW YORK, UNITED STATES OF AMÉRICA (ESTADOS UNIDOS DE NORTEAMÉRICA)

AUTOS QUE ORDENAN REQUERIR AL C. REPRESENTANTE LEGAL DE LA GALERÍA DE ARTE "DAVID ZWIRNER GALLERY.

En la ciudad de México, Distrito Federal, siendo las trece horas del día veinticuatro de enero de dos mil trece, día y hora señalados para que tenga

verificativo la continuación de la audiencia incidental en los autos del Juicio de DIVORCIO promovido por MARIE DE SMEDT FRANCIS HENRY EN CONTRA DE BARBARA PHILIPPA CLARE DAY (INCIDENTE DE AUMENTO DE PENSIÓN ALIMENTICIA PROVISIONAL DECRETO DE PENSIÓN Y PAGO DE PENSIONES NO PAGADAS DESDE JUNIO DE 2011) ante la C. Juez Primero de lo Familiar del Distrito Federal MAESTRO TEÓFILO ABDO KURI ante la C. Secretaria de Acuerdos "A", licenciada LETICIA MÚJICA CASTILLO, comparece la Mandataria Judicial de la parte actora incidentista GABRIELA URIEGAS RUIZ quien se identifica con su cedula profesional número 3338424 expedida a su favor por la Dirección General de Profesiones de la Secretaría de Educación Pública se hace constar que no comparece la parte demandada incidentista ni persona alguna que legalmente la represente.- EL C. JUEZ DECLARA ABIERTA LA AUDIENCIA.- Tomando en consideración que los oficios remitidos por la Secretaría de relaciones exteriores y que obran a fojas 78 a 121 y el escrito presentado por el demandado incidentista el veintiuno de enero pasado (foja 126 y 127) fueros integrados en el TOMO III del cuaderno de divorcio se ordena su desglose para ser integrado en el Incidente en el que se actúa por corresponder al mismo, ordenándose corregir el folio de las constancias de las que se ha ordenado el desglose así como el entre sello de las mismas.- LAS SECRETARÍA CUENTA CON tres escritos presentados el veintidós de enero por la Mandataria Judicial de la actora incidentista los que se acuerdan como corresponde: 1.- A sus autos el escrito de cuenta de la promovente quien desahoga la vista ordenada en auto de quince del actual, atendiendo a las manifestaciones que vierte y las constancias de autos, dígase a la demandada incidentista que no a lugar a desechar las pruebas documentales que relacionó en sus escritos presentados el veintiuno del actual, toda vez que se observa de los autos no se ha emitido proveído en donde se decreta la discreción de las pruebas documentales a su contraria por los motivos que menciona, en consecuencia se acuerda de conformidad la petición hecha por la ocursante y se ordena librar de nueva cuenta atenta carta rogatoria al Juez Competente de los Estados Unidos de Norte América por los conductos diplomáticos debidos debiéndose realizar las precisiones que solicita que contiene el escrito que se provee, carta rogatoria que se pone a su disposición una vez que surta efectos de notificación el presente proveído para que sea debidamente diligenciada otorgándole el término de DIEZ DÍAS para que acredite su diligenciación, apercibida que en caso de no hacerlo se le dejará de recibir la prueba por falta de interés jurídico.- - - - - - 2.- A sus autos el escrito de cuenta de la promovente quien desahoga la vista ordenada en auto de quince del actual, atendiendo a las manifestaciones que vierte y las constancias de autos, dígase a la demandada incidentista que no a lugar a desechar las pruebas documentales que relacionó en sus escritos presentados el veintiuno del actual, toda vez que se observa de los autos no se ha emitido proveído en donde se decreta la discreción de las pruebas documentales a su contraria por los motivos que menciona, en consecuencia se acuerda de conformidad la petición hecha por la ocursante y se ordena librar de nueva cuenta atenta carta rogatoria al Juez Competente de ZÜRICH, SUIZA por os conductos diplomáticos debidos debiéndose realizar las precisiones que solicita que contiene el escrito que se provee, carta rogatoria que se pone a su disposición una vez que surta efectos de notificación el presente proveído para que sea debidamente diligenciada otorgándole el término de DIEZ DÍAS para que acredite su diligenciación, apercibida que en caso de no hacerlo se le dejará de recibir la prueba por falta de interés jurídico.- - - - - - 3.- A sus autos el escrito de cuenta de la promovente quien desahoga la vista ordenada en auto de quince del actual, atendiendo a las

manifestaciones que vierta y las consecuencias de autos, niega a la demandada incidentista que no a lugar a desechar las pruebas documentales que relacionó en sus escritos presentados el veintiuno del actual, toda vez que se observa de los autos no se ha emitido proveído en donde se decreta la discreción de las pruebas documentales a su contraria por los motivos que menciona, en consecuencia se acuerda de conformidad la petición hecha por la ocursante y se ordena librar de nueva cuenta atenta carta rogatoria al Juez Competente de Londres Inglaterra por los conductos diplomáticos debidos, debiéndose realizar las precisiones que solicita que contiene el escrito que se provee, carta rogatoria que se pone a su disposición una vez que surta efectos de notificación el presente proveído para que sea debidamente diligenciada otorgándole el término de DIEZ DÍAS para que acredite su diligenciación, apercibida que en caso de no hacerlo se le dejará de recibir la prueba por falta de interés jurídico.-- - - - - 4.- VISTO el estado de los autos se acuerda el escrito presentado por la apoderada del demandado incidentista como sigue: Dígase a la promovente que deberá estarse al contenido de los autos que anteceden.- Tomando en consideración que se encuentran pruebas pendientes por desahogar se difiere la presente audiencia y para su continuación se señalan LAS DOCE HORAS DEL DÍA PRIMERO DE ABRIL DEL DOS MIL TRECE.- - - misma que se señala hasta esa fecha atento a la carga de trabajo de este Juzgado, sirviendo de apoyo a lo anterior por analogía el criterio sustentado por la Suprema Corte de Justicia de la Nación, bajo el rubro: AUDIENCIA, SEÑALAMIENTO TARDÍO DE LA...", visible en la página 2638, 5ª Época, registro 327991, Instancia: Segunda Sala; Tomo LXIX del Semanario Judicial de la Federación que dice: Es infundada la queja, porque el Juez de Distrito haya señalado día para la celebración de la audiencia constitucional, después de los treinta días del en que se admite la demanda, porque si bien es cierto que conforme al artículo 147 de la Ley de Amparo, debe señalarse dentro del término expresado, también es verdad que dicho precepto debe entenderse en términos hábiles, armonizándolo con las dificultades que en la práctica se presentan, ya que siendo muchos los negocios que se tramitan en los Tribunales Federales, no es posible humanamente que se observe la ley en todos sus detalles, de manera que si se hace ese señalamiento fuera del término supradicho, no puede decirse que se viola la ley, ni no se justifica que ese lejano señalamiento, obedezca a dolo o parcialidad del juez...."; criterio que éste Juzgador hace suyo, para todos los efectos legales a que haya lugar.- Con lo que concluyó la presente audiencia siendo las trece horas con cuarenta y cinco minutos del día de la fecha en que se actúa y firmando para constancia los que en ella intervinieron en unión del C. Juez y C. Secretaria de Acuerdos "A" que autoriza y da fe. Doy fe. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - R U B R I C A S - - - - - - - - - - - - - - - - - - - -

MÉXICO, DISTRITO FEDERAL A TRECE DE FEBRERO DEL AÑO DOS MIL DOCE. - - - - - - Con el escrito de cuenta fórmese el cuaderno correspondiente Se tiene por presentada a BÁRBARA PHILIPPA CLARE DAY por su propio derecho promoviendo INCIDENTE DE AUMENTO DE PENSIÓN ALIMENTICIA PROVISIONAL, DECRETO DE PENSIÓN Y PAGO DE PENSIONES NO PAGADAS DESDE JUNIO DE 2011, mismo que se admite a trámite con fundamento en los artículos 88 y 94 del Código de Procedimientos Civiles. Con las copias simples exhibidas y mediante NOTIFICACIÓN PERSONAL córrase traslado al C. FRANCISC HENRY MARIE DE SMEDT para que en el término de TRES DÍAS produzcan su contestación. Se admiten las pruebas ofrecidas. Para que tenga verificativo la Audiencia Incidental se señalan las DIEZ HORAS DEL DÍA DIECISIETE DE ABRIL DEL AÑO EN CURSO, misma que se señala hasta esa fecha atento a la carga de trabajo de este Juzgado, sirviendo de apoyo a lo anterior por analogía el criterio sustentado por la Suprema Corte de Justicia de la Nación, bajo el rubro: AUDIENCIA, SEÑALAMIENTO TARDÍO DE LA...", visible en la página 2638, 5ª Época, registro 327991, Instancia: Segunda Sala; Tomo LXIX del Semanario Judicial de la Federación

que dice: Es infundada la queja, porque el Juez de Distrito haya señalado día para la celebración de la audiencia constitucional, después de los treinta días del en que se admite la demanda, porque si bien es cierto que conforme al artículo 147 de la Ley de Amparo, debe señalarse dentro del término expresado, también es verdad que dicho precepto debe entenderse en términos hábiles, armonizándolo con las dificultades que en la práctica se presentan, ya que siendo muchos los negocios que se tramitan en los Tribunales Federales, no es posible humanamente que se observe la ley en todos sus detalles, de manera que si se hace ese señalamiento fuera del término supradicho, no puede decirse que se viola la ley, ni no se justifica que ese lejano señalamiento, obedezca a dolo o parcialidad del juez..."; criterio que éste Juzgador hace suyo, para todos los efectos legales a que haya lugar. En preparación de la confesional CÍTESE POR BOLETÍN JUDICIAL al C. FRANCISC HENRY MARIE DE SMEDT para que comparezca ante este juzgado el día y hora señalados a absolver las posiciones que se le articulará, apercibido que de no comparecer sin justa causa será declarado confeso de las que previamente sean exhibidas y calificadas de legales con apoyo en los artículos 309 y 322 del Código Procesal Civil. En preparación de las pruebas documentales marcadas con los números II y III gírese atento oficio al C. DIRECTOR DEL REGISTRO PUBLICO DE LA PROPIEDAD Y DEL COMERCIO DEL DISTRITO FEDERAL y PRESIDENTE DE LA COMISIÓN NACIONAL BANCARIA Y DE VALORES, para que se sirva informar a este juzgado dentro del término de CINCO DÍAS lo solicitado por la oferente, apercibido que de no hacerlo se impondrá como primera medida de apremio una multa por el equivalente a TRES MIL QUINIENTOS PESOS con fundamento en los artículos 61, 62 Y 73 DEL Código de Procedimientos Civiles.   Así mismo y en preparación de las pruebas documentales solicitadas con el inciso L) con los anexos e insertos necesarios líbrese atenta CARTA ROGATORIA A LOS CC. CÓNSUL DE MÉXICO EN NEW YORK, ESTADOS UNIDOS DE NORTEAMÉRICA, LONDRES, INGLATERRA y ZURICH, SUIZA para que en auxilio de las labores de este juzgado se sirva girar atento oficio a los lugares solicitados por la oferente para que informen lo solicitado por la misma.  Notifíquese.- Lo proveyó y firma el C. Juez Primero Familiar ante la C. Secretaria de Acuerdos con quien actúa, autoriza y da fe.- - - - - R U B R I C A S - - - - - - - - - - - - - - - - - - - - - - Y   PARA LO QUE POR MI MANDATO TENGA SU MAS FIEL Y EXACTO CUMPLIMIENTO, EN NOMBRE DE LA SOBERANÍA JUDICIAL, LO REQUIERO. A TRAVÉS DE LA PRESENTE CARTA ROGATORIA Y DE MI PARTE LE SUPLICO QUE TAN PRONTO COMO EL PRESENTE ESTE EN SU PODER SE SIRVA MANDARLO DILIGENCIAR EN SUS TÉRMINOS, SEGURO  DE MI RECIPROCIDAD EN CASOS ANÁLOGOS Y PARA CUANDO FUERE REQUERIDO. DADO EN LA CIUDAD DE MÉXICO, DISTRITO FEDERAL A LOS CINCO DÍAS DEL MES DE ENERO DEL AÑO DOS MIL TRECE.- DOY FE. - - - - - - - - - - - - - - - - - - - - -

EL C. SECRETARIO CONCILIADOR
DEL JUZGADO PRIMERO FAMILIAR.
(EN CUMPLIMIENTO AL ACUERDO GENERAL 38-41/2012)

LIC. ERNESTO VILLARREAL TÉLLEZ.

C. SECRETARIA DE ACUERDOS "A"

LIC. LETICIA MUJICA CASTILLO.

TAK/R3



TRIBUNAL
SUPERIOR
DE JUSTICIA
DF

*"Ciudad Judicial y Consolidación de los Juicios Orales. Decidiendo por el Orden y la Paz Social."*

MARIE DE SMEDT FRANCIS HENRY
VS
BÁRBARA PHILIPPA CLARE DAY
ORDINARIO CIVIL, DIVORCIO
EXPEDIENTE NÚMERO: 1391/2009

PARA SU DILIGENCIACIÓN

H. CONSEJERÍA JURÍDICA DEL GOBIERNO DEL DISTRITO FEDERAL.
P R E S E N T E

JUZGADO 1°
FAMILIAR

SRIA "A"

EXP. 1391/09

Oficio 261

En cumplimiento a lo ordenado en audiencia de fecha veinticuatro de enero del dos mil trece, dictado en los autos del juicio al rubro indicado, giro a Usted el presente oficio anexando la presente CARTA ROGATORIA, para el efecto de que proceda a la legalización de la firma del suscrito y hecho lo anterior para que previo pago de derechos de apostillamiento se remita a la Secretaria de Relaciones Exteriores, para todos los efectos legales correspondientes.

Reitero a Usted las seguridades de mi atenta y distinguida consideración.

SUFRAGIO EFECTIVO. NO REELECCIÓN
MÉXICO, D. F., A 05 DE FEBRERO DE 2013
EL C. SECRETARIO CONCILIADOR
DEL JUZGADO PRIMERO FAMILIAR.
(EN CUMPLIMIENTO AL ACUERDO GENERAL 38-41/2012)

LIC. ERNESTO VILLARREAL TÉLLEZ.

TAK/R3

Exhibit B

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| IN RE:  LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM SUPERIOR COURT OF JUSTICE OF MEXICO CITY, FEDERAL DISTRICT FAMILY COURT, IN THE MATTER OF FRANCIS HENRY MARIE de SMEDT v. BARBARA PHILIPPA CLARE DAY. ) ) ) ) ) ) ) | Civil Action No.   14 MISC. |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: David Zwirner Gallery
Attention:  Managing Director, 525 West 19th Street, New York, NY  10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Pursuant to the Letter Rogatory.

| Place: U.S. Attorney's Office, Southern District of New York 86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | | OR |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   U.S.A. on behalf of the Superior Court of Justice of Mexico City, Federal Dist. Family Court , who issues or requests this subpoena, are:
Andrew E. Krause, Assistant United States Attorney, U.S. Attorney's Office, Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007.  Email:  andrew.krause@usdoj.gov. Tel.: 212-637-2769

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14 MISC.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                  *Server's signature*

                                                  _____
                                                                  *Printed name and title*

                                                  _____
                                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                              :        EX PARTE ORDER
                                                    :
LETTER ROGATORY FOR                                 :        14 Misc.
INTERNATIONAL JUDICIAL                              :
ASSISTANCE FROM THE SUPERIOR                        :
COURT OF JUSTICE OF MEXICO  CITY,                   :
FEDERAL DISTRICT FAMILY COURT,                      :
IN THE MATTER OF FRANCIS HENRY                      :
MARIE DE SMEDT v. BARBARA                           :
PHILIPPA CLARE DAY.                                 :
-------------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Preet Bharara, United

States Attorney for the Southern District of New York, on behalf of the Superior Court of Justice

of Mexico City, Federal District Family Court, is seeking to obtain information from the David

Zwirner Gallery (the "Gallery"), for use in connection with a judicial proceeding pending in that

court captioned "Francis Henry Marie de Smedt v. Barbara Philippa Clare Day;"

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a)

and Rule 28(a) of the Federal Rules of Civil Procedure, that Andrew E. Krause, Assistant United

States Attorney, Southern District of New York, be and hereby is appointed as Commissioner, to

take such steps as are necessary to obtain information from the Gallery; and to submit said

information to the United States Attorney for the Southern District of New York for transmission

to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED, that the United States Attorney's Office shall serve
the Gallery with a copy of this Order and the accompanying documents.

Dated: New York, New York
      August       , 2014

 

                                                  _____

                                                  UNITED STATES DISTRICT JUDGE
                                                  PART I